**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.   Criminal Case No: 1:07cr58

FRANKLIN A. MOSES,
         Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Franklin A. Moses, appeared before me in person and by counsel, L. Richard Walker, on July 6, 2007. The Government appeared by Sherry Muncy, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United

States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Franklin A. Moses, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated June 28, 2007, and signed by him on July 5, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and

Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected.

Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a period of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up pursuant to the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

The Court then heard the testimony of Deputy Wesley Fred Frederick and Defendant's testimony as to why he believed he was guilty of the offense charged in the one-count Information. Deputy Frederick testified that he is employed by the Marion County, West Virginia, Sheriff's Department, and is assigned to the Three Rivers Drug Task Force. In connection with a drug case investigation, he obtained a search warrant from a Circuit Court Judge in Marion County, for Defendant's residence in Marion County, within the Northern District of West Virginia. Deputy Frederick personally participated in the execution of that search warrant. During the execution of the search warrant, Defendant was asked if there were any drugs or firearms in the residence, and, if so, where they were located. Defendant truthfully told the officers the whereabouts of drugs and the firearm identified in the one-count information. The firearm, a Colt PTFA, was found where Defendant had informed the officers it was located.

Deputy Frederick testified that Task Force Officer Harvard, who was assigned to the ATF in Clarksburg, West Virginia, confirmed that the firearm was not manufactured in West Virginia and therefore had traveled in interstate commerce. Deputy Frederick and Officer Harvard test fired the gun and found it test-fired properly and was operational. Deputy Frederick testified a criminal history check of Defendant revealed he had been convicted of a felony in New Mexico in 2002.

Defendant testified that he heard, understood, and agreed with Deputy Frederick's testimony. Thereupon, Defendant, Franklin A. Moses, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information. Defendant then testified he believed himself guilty of the crime charged in the one-count Information because he was convicted of a felony in 2002, and was in possession of a firearm in 2006.

Based upon the testimony of Deputy Frederick, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information. That basis in fact is further supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Frederick as well as Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Prior to hearing Defendant's change of plea, the undersigned was informed that a Petition for Action on Conditions of Pretrial Release had been filed in this case, and a warrant for Defendant's arrest ordered by Chief United States District Judge Irene M. Keeley. Defendant was arrested on the Petition when he appeared for the hearing. The Petition alleged Defendant tested positive for cocaine on two occasions, but denied having a substance abuse problem and declined multiple offers of treatment made by his Supervising Adult Pretrial Services Officer. Prior to taking Defendant's Guilty Plea, the undersigned addressed the Petition. Counsel for Defendant stated he had been unaware of the Petition, but that he and Defendant were aware of the positive drug tests. Defendant waived a preliminary hearing on the allegations, stating that he wished to go forward with a hearing before Judge Keeley as soon as possible. Based upon all of the above, the undersigned finds Defendant made a knowing, voluntary waiver of his preliminary hearing, and bound him over

for a full hearing before Judge Keeley.

Defendant then requested he be permitted to remain on release pursuant to the Order Setting Conditions of Release in this matter, pending further proceedings. Defendant, through counsel, stated that he was actively seeking outpatient drug treatment; was employed as a painter; worked daily when weather permitted; had a family, including an infant child, to support; and had taken a drug test this same date that was preliminarily negative. The AUSA appearing confirmed that Defendant had preliminarily passed a drug test this date, and that the drug test was arranged at 10:00 a.m. and he took it at 1:00 p.m. The Government did not strenuously object to Defendant's remaining on bond pending further proceedings, but did inform the Court that Defendant's supervising Adult Pretrial Services Officer had made multiple offers of drug treatment to Defendant, which he had heretofore declined.

Upon consideration of all which, and for reasons further stated on the record of the hearing, the undersigned continues Defendant's release on bond, pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 6th day of July, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE